Dear Marshal Picard:
We are in receipt of your request for our opinion regarding several issues pertaining to funds received by City Court of Lafayette. According to your correspondence your questions are as follows:
Is contempt of court a conviction of an offense, separate from the original charge pending in court, that would allow your office to collect a portion of those court cost assessed?
May your office collect any additional fund from the City Court of Lafayette, in addition to, those deposited into the your account pursuant to Louisiana Revised Statute 13:1899?
 May your office receive funding from the special account established for the operational expenses of the court?
Contempt of court is an act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. La. C.Cr.P.art. 20. Furthermore, contempt can either be direct or constructive, each carrying its own procedures for punishment. La.C.Cr.P. art. 22; La. C.Cr.P. art. 24. Likewise, contempt can also be criminal or civil in nature, but whether contempt is civil or criminal turns on the character and purpose of the sanction involved. Johnson Placke v. Norris, 38-300 (La.App. 2nd Cir.5/12/04), 874 So.2d. 340,346. As a general rule, a contempt sanction is criminal if the sentence is punitive, or vindicates the authority of the court. Id. Contempt is therefore a charge separate and distinct from the underlying charges imposed upon the defendant. However, if the current practice of the court is not to assess court costs on contempt sanctions, then your office is not entitled to any funds pursuant to the contempt sanction.
Your next question addresses whether your office may receive any additional funds from the City Court of Lafayette, in addition to, those deposited into the marshal's special account. As provided by statute, all fines, forfeitures, penalties, and cost from the city court proceedings are deposited into the city treasury. La.R.S.13:1898. The only funds that remain the property of city court are court cost. It has been the opinion of this office that the only funds available to your office, from the city court, would be the funds placed in the marshal's special account. La.R.S.13:1899(C); La. Atty. Gen. Op. No. 81-1249.
Your last question is whether your office may receive funding from the special account established for the operational expenses of the court. As you may be aware, the use of these funds is at the discretion of the city court judges. La.R.S. 13:1899(B). However, their discretion is not unbridled. The distribution and allocation of these funds is limited by statute for certain expenditures.La.R.S. 13:1899(B)
The funds in the court's special account is established from the court cost and may be used for the operational expenses of the court, clerical fees, or other "similar expenditures." Id. Providing funds to the city marshal's office is not the "similar expenditures" contemplated by the statute. It is the opinion of this office that your proposed request of funds from the city court's account would not be considered court expenditures, and, therefore, are not subject to the judge's permissive discretion.
It is hoped that this opinion adequately answers your questions. If this office may provide any further assistance, please do not hesitate to contact us.
 Very truly yours, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________________ MARTY WHITE ASSISTANT ATTORNEY GENERAL
MW/sh/jy